ELISHA J. CAMPBELL *vs.* EDWARD P. METCALF, Admr.

MARCH 6, 1912.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

*(1) Probate Appeals.  Sale of Real Estate.*

Where a probate court more than a year after the entry of an order granting leave to sell real estate, entered a decree affirming the original order, an appeal properly lies to the superior court from such decree.

*(2) Sale of Real Estate by Executor.  Limitations.  Affirming Decree.*

General Laws, cap. 308, § 28, provides that every license granted by a probate court to sell real estate shall continue in force for one year from the date of the decree.

General Laws, cap. 311, § 3, provides that where an appellant fails to enter his appeal within the time allowed by law, the probate court may affirm the decree appealed from.

December 18, 1908, a probate court entered an order for the sale of real estate. An appeal was taken, but not perfected and February 10, 1911, the court affirmed such order.

*Held*, that while the probate court could during the year that the order to sell real estate continued in force, affirm such order where an appellant failed to enter his appeal, it had no power to affirm such a decree which had ceased to be in force by the limitation of the statute, and the filing of an appeal could not interrupt the running of the period of limitation of the force of the decree.

(*3*)   *Probate Appeal.   Sale of Real Estate.*

Statutory provisions for the sale of real estate by executors must be strictly followed in order to give validity to the sale.

PROBATE APPEAL.   Heard on exceptions of appellant and sustained.

JOHNSON, J.   This cause is before this court upon the appellant's bill of exceptions to the decision of the Superior Court dismissing his appeal from an order and decree of the Municipal Court of the city of Providence.

On the 18th day of December, 1908, a decree was entered in the Municipal Court of the city of Providence authorizing Edward P. Metcalf, administrator *de bonis non* on the estate of James Campbell, late of the city of Providence, deceased, to sell, at public auction, or at private sale, certain real estate situated in said city of Providence of which said James Campbell was seized and possessed at the time of his decease.   February 10, 1911, upon petition of the administrator *de bonis non* of the estate of said James Campbell, deceased, a decree was entered in said municipal court affirming said first mentioned decree.   Said petition and decree are as follows:

"THE STATE OF RHODE ISLAND AND PROVIDENCE PLAN-
TATIONS.

"MUNICIPAL COURT OF THE CITY OF PROVIDENCE.
"PROVIDENCE, SC.

"Respectfully represents Edward P. Metcalf, Administrator *de bonis non* of the Estate of James Campbell, that on the 18th day of December, A. D. 1908 a decree of said Court

was entered authorizing your petitioner as administrator aforesaid to sell certain real estate belonging to said James Campbell in his life time.

"That Elisha J. Campbell, one of the heirs of said James Campbell, did within forty days after the entry of said decree, file in the office of the clerk of said court a claim of appeal from said decree to the Superior Court.

"That said Elisha Campbell did not within fifty days after the entry of said decree file in the Superior Court a certified copy of said claim and record and his reasons of appeal specifically stated, as appears by a certificate of Walter S. Reynolds, Clerk of said Superior Court hereunto annexed.

"Wherefore your petitioner prays that this court affirm the order or decree appealed from as aforesaid, and further proceed as if no claim of appeal had been filed.

"EDWARD P. METCALF,
"*Administrator.*"

This petition was accompanied by the certificate therein mentioned, of the clerk of the Superior Court.

"MUNICIPAL COURT OF THE CITY OF PROVIDENCE,
"February 10, A. D., 1911.

"ESTATE OF JAMES CAMPBELL.

"The foregoing petition coming on to be heard, and it appearing that the facts set forth in said petition are true, and that Elisha J. Campbell, who had filed notice of appeal from the decree authorizing the administrator *de bonis non* of said estate to sell the real estate in said decree mentioned, has been served with notice of the pendency of said petition, and appearing in court and objecting to the granting of said petition, but failing to show cause why the same should not be granted, and why said decree should not be affirmed, it is thereupon adjudged and decreed that the decree heretofore entered by this court, on, to wit, the 18th day of December,

A. D. 1908, authorizing the sale of said real estate be, and the same is, affirmed.

"Entered as decree by order of the court.

"GEORGE A. STONE,

"*Clerk.*"

Said Elisha J. Campbell on March 22, 1911, filed in the office of the clerk of said Municipal Court a claim of appeal to the Superior Court and a request for a certified copy of said claim and the record of the proceedings appealed from and paid the clerk his fee therefor, and within fifty days after the entry of the decree appealed from filed in the Superior Court a certified copy of said claim and record and his reasons of appeal specifically stated, as follows:

"First:—Because said Probate Court erred in granting said petition of the said Edward P. Metcalf, Administrator *de bonis non* after a hearing upon the issues raised therein.

"Second:—Because the sale of said real estate could not be made within one year from the eighteenth day of December, A. D. 1908, the date of the decree affirmed, as is required by the statute in such cases made and provided, and the said Probate Court erred in not so deciding.

"Third:—Because the sale of the said real estate could not be made within a reasonable time after the eighteenth day of December, A. D. 1908, the date of the decree affirmed, and the said Probate Court erred in not so deciding.

"Fourth:—Because the petition of the said Edward P. Metcalf, Administrator *de bonis non* to have affirmed the decree dated the eighteenth day of December, A. D. 1908, was not made and filed in the said Probate Court within a reasonable time after the failure of the said Elisha J. Campbell to file in the office of the clerk of the Superior Court his 'Claim of Appeal' from the said decree of the eighteenth day of December, A. D. 1908."

(1) April 13th, 1911, the appellee filed in the Superior Court his motion to dismiss said appeal, as follows: "Said appellee alleges that said appeal is invalid, wherefore he

moves that the same be dismissed." Said motion to dismiss said appeal was heard by a justice of the Superior Court, May 25th, 1911, and was further heard June 17th, 1911, when said motion was granted and said appeal dismissed. June 24th, 1911, said Elisha J. Campbell filed in said Superior Court his exception to said decision dismissing said appeal, and a notice of his intention to prosecute a bill of exceptions to this court. July 1st, 1911, said Elisha J. Campbell filed in said Superior Court his bill of exceptions (which was allowed July 8th, 1911). As grounds of his exception to said decision, the appellant alleges: 1. That said decision was against the law. 2. That said decision was erroneous in this, that said appellant had the right under Chapter 311, Section 1, of the General Laws of Rhode Island, to appeal from the said order and decree of the Municipal Court, and had the right to have said appeal heard and tried upon the law and the evidence, whereas the court decided that said appeal would not lie to the order and decree appealed from. 3. That the decision is based upon erroneous conclusions of law."

Was the decision of the Superior Court dismissing the appeal correct? The right of appeal is given to any person aggrieved by an order or decree of a probate court by Gen. Laws, 1909, cap. 311, § 1. The appellant is one of the heirs of James Campbell, and appears to have complied with the requirements of the statute in claiming said appeal from the order and decree of the Municipal Court and in entering said appeal in the Superior Court. Said appeal raises the question whether the Municipal Court could lawfully enter a decree on February 10, 1911, affirming the order and decree made and entered by said court December 18, 1908, granting leave to sell the real estate in question.

(2)    Chapter 308, § 5, Gen. Laws, 1909, provides: "The probate court which issued letters testamentary or of administration or guardianship may grant authority to any executor or administrator to sell the real estate of a deceased person, or to a guardian to sell the real estate of his ward,

upon a petition filed describing the particular estate to be sold and setting forth the facts on which the petition is founded." Section 28 of said chapter provides: "Every license granted by a probate court to sell real estate shall continue in force for one year, and every license to mortgage real estate shall continue in force six months, from the date of the decree; but the conveyance may be executed and delivered after said periods, respectively."

The decree entered in said Municipal Court December 18, 1908, would therefore continue in force for one year from the date of its entry. The intention of the legislature to limit the time within which the sale could be made is perfectly clear. The limitation is also entirely reasonable, as, with the lapse of time, circumstances might arise which would make a sale no longer desirable, or the value of the real estate might materially increase, so that a price which was proper at the time of the entry of the decree, would later be wholly inadequate. Can such a decree be revived and again put in force after said period of one year has expired? The same reasons which actuated the legislature in making the limitation, would militate against its revival after its force had expired by the limitation. It seems that, if license to sell after the year had expired was desirable, it would be necessary to again apply to the probate court and obtain a new license to sell. Upon such a petition the probate court could consider the facts on which such petition was founded with due regard to the conditions then existing in the same manner as upon the former petition. It by no means follows that the action of the court would be in all respects the same as upon the former petition. The statutory provisions for the sale of real estate by executors and administrators must be strictly followed in order to give validity to the sale.

Counsel have argued at considerable length upon the allegations in the petition of the administrator for the confirmation of the decree entered December 18, 1908, that said Elisha J. Campbell did within forty days after the entry of said decree file in the office of the clerk of the Municipal

Court a claim of appeal from said decree and that he did not within fifty days after the entry of said decree file in the Superior Court a certified copy of said claim and record and his reasons of appeal, and have cited the provisions of Gen. Laws, 1909, cap. 311, § 5, that, "If the appellant fails to enter his appeal within the time allowed by law, the probate court from which the appeal was taken may, upon the petition of any person interested and upon such notice to the appellant as the court shall order, affirm the order or decree appealed from and further proceed as if no claim of appeal had been filed." Under said section the probate court could, during the year that by statute the order or decree continued in force, proceed upon motion as therein provided, to affirm such order or decree appealed from and could further proceed as if no claim of appeal had been filed. Such a proceeding however is an entirely different matter from the affirmation of an order or decree whose force has expired by the limitation imposed by the statute. The affirmation authorized by the statute applies to the particular case therein stated and provides a way by which an order or decree can be again made operative after it has been suspended by the claim of an appeal, which has not been perfected. We cannot construe the statute as providing for the affirmation of a decree after it has by the limitation of the statute ceased to be in force. The filing of a claim of appeal in the probate court could not in our opinion interrupt the running of the period of limitation of the force of the decree, and therefore is not material in the case before us.

We are of the opinion that the Municipal Court could not lawfully affirm the decree entered December 18, 1908, and put the same again in force by the decree entered February 10, 1911.

The appellant's exception is sustained and the cause is remitted to the Superior Court with direction to sustain the appeal and enter a decree reversing the decree from which the appeal was taken.

*James A. Williams*, for appellant.

*Irving Champlin, James Harris, John S. Murdock*, for appellee.